**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DIALLIO JONES**                                                                                          **PLAINTIFF**
**#108191**

**v.**                                              **CASE NO. 3:25-cv-230 JM**

**HENDRIX, Officer,** *et al.*                                                          **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Diallio Jones, in custody in the Cross County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. 2). He also filed a motion to proceed *in forma pauperis*, which is granted.  (Doc. 1).

    **I.**       *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson*

*v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Jones has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, Jones's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED. Based on the information contained in his account information sheet, the Court does not assess an initial partial filing fee. Jones will be obligated to make monthly payments in the amount of 20% of the preceding month's income credited to Jones's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

## II.    Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed

liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.    Discussion

Jones sues Wynne Police Department Officers Hendrix, Mahabir, and Doe in their personal capacities alleging that, during his September 18, 2025 arrest, he was subjected to excessive force. (Doc. 2). Specifically, Jones says that one of the officers held his neck in a choke hold while he searched Jones's mouth. (*Id.* at 5). Jones seeks damages.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Jones is currently detained in the Cross County Jail facing state criminal charges for possession of drugs and drug paraphernalia, obstructing governmental operations, second degree

battery, resisting arrest, and three counts of tampering with evidence by suppressing, concealing, or removing it. *See http*.www.crosscountysheriff.org/roster (last accessed October 20, 2025). Because Arkansas has an important interest in its criminal justice procedures, this Court should abstain from entertaining his constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Jones's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Jones, however, seeks damages. Accordingly, Jones's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

## IV.    Conclusion

1.    The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Jones's state criminal charges.

2.    Jones may file a motion to reopen this case after such final disposition. Any motion to reopen must be filed within 60 days of that final disposition. If Jones does not file a timely motion to reopen or a status report by October 20, 2026, then the Court will reopen the case and dismiss it without prejudice.

3.    The Clerk  of Court is directed to send a copy of this order to: the Administrator of the Cross County Detention Center, 1600 South Falls Blvd., Wynne, AR 72396.

IT IS SO ORDERED this 4th day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE