**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DIALLIO JONES**                                                            **PLAINTIFF**
**ADC #108191**

**v.**                                       **CASE NO. 3:25-cv-230 JM**

**HENDRIX, Officer, *et al*.**                                              **DEFENDANTS**

**ORDER**

Plaintiff Diallio Jones, in custody at the Barbara Ester Unit of the Arkansas Division of

Correction, filed this *pro se* complaint under 42 U.S.C. § 1983 following his arrest and detention

on charges of possessing drugs and drug paraphernalia, obstructing governmental operations,

second degree battery, resisting arrest, and three counts of tampering with evidence by

suppressing, concealing, or removing it. (Doc. 2). He sued Wynne Police Department Officers

Hendrix, Mahabir, and Doe in their individual capacities for damages alleging that they subjected

him to excessive force during his arrest. (*Id*.). The Court administratively stayed Jones's federal

claims pending resolution of his state charges. (Doc. 4). Jones now moves to reopen his case

explaining that his state criminal case has resolved. (Doc. 10). Accordingly, the Court directs the

Clerk to lift the stay and reopen this case. Jones's complaint must be screened. 28 U.S.C. § 1915A.

In his complaint, Jones says that, during his arrest, he was handcuffed and fully restrained

when one of the three defendants grabbed his neck in a choke hold and searched his mouth with

his fingers. (Doc. 2). According to Jones, he could not breathe during the search.  He seeks

damages.

Although scantily pleaded, more facts surrounding Jones's arrest can be gleaned from

Officer Isaiah Mahabir's sworn statement in support of Jones's arrest warrant. *State v. Jones*,

19CR-25-289 (Cross County) (Affidavit). From the affidavit of probable cause, Officer Mahabir

attested that he and Officer Caije Hendrix stopped Jones around 2:00 a.m. on September 19, 2025. (*Id.*). The officers saw Jones holding a clear glass pipe, which they readily identified as a methamphetamine pipe. (*Id.*). Jones did not comply with orders to show his hands and tried to conceal the pipe. (*Id.*). Officer Hendrix attempted to separate Jones's clasped hands to keep him from destroying the pipe, but Jones managed to toss the pipe breaking it. (*Id.*). The officers arrested Jones. (*Id.*).

Officer Hendrix then noticed Jones's speech was muffled. (*Id.*). Realizing that Jones was hiding something in his mouth, Officer Hendrix told Jones to open his mouth. (*Id.*). Jones initially complied, and Officer Hendrix saw one baggie with green leafy material and one baggie with white crystalline material in the roof of Jones's mouth. (*Id.*). At that point, Jones clenched his jaw and attempted to swallow both baggies. (*Id.*). In an effort to keep Jones from either choking or overdosing, Officer Mahabir held Jones's mouth open while Officer Hendrix used his finger to sweep Jones's mouth. (*Id.*). Jones continued to resist, biting Officer Hendrix in the process, and swallowed one of the baggies. (*Id.*). Only the baggie containing marijuana was recovered. (*Id.*). Jones was taken by ambulance to an area hospital. (*Id.*). Jones complains about the force used to retrieve the drugs.

A public records search reveals that, on April 6, 2026, Jones pleaded guilty to possessing drug paraphernalia and resisting arrest. (*Id.*) (Sentencing Order). Pursuant to his plea agreement, the remaining charges, including tampering with the evidence (swallowing the drugs) and second-degree battery (biting Hendrix), were *nolle prossed. Id.* As a result, it does not appear that Jones's claims that he suffered excessive force when arrested are barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). This position may change under adversarial review and given more facts of the events surrounding Jones's resisting arrest. Nevertheless, for screening purposes only,

Jones has stated plausible individual-capacity excessive-force claims against Officers Hendrix and Mahabir. These lone claims will be served.

The Court directs the Clerk to prepare summonses for Officers Caije Hendrix and Isaiah Mahabir and deliver the summonses along with the Complaint (Doc. 2), the Court's Screening Orders (Doc. 4, 7), and this Order to the United States Marshal for service, without requiring prepayment of fees and costs or security. Service on Officers Hendrix and Mahabir should be attempted at their place of employment, the Wynne Police Department, 206 S. Falls Blvd., Wynne, Arkansas 72396.

IT IS SO ORDERED this 21st day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE